GORBATY, J.,
dissents, with reasons.
|Because I find the trial court committed clear error, I respectfully dissent.
In the instant case, the only two persons to testify at trial were Trooper Robert Harris and the plaintiff. The plaintiff had no recollection of how the accident happened; she testified mainly about her medical and recovery history. Louisiana State Trooper Harris, who was not recognized as an expert in accident reconstruction by the trial court, was nonetheless allowed to testify as to his opinion on causation. This was prejudicial error.
In Maricle v. Liberty Mutual Ins. Co., 04-1149 (La.App. 3 Cir. 3/2/05), 898 So.2d 565, the Third Circuit held that a non-expert investigating officer should not be allowed to offer opinions on crucial facts determinative of liability. Also see, Yellott v. Underwriters Ins. Co., 04-1342 (La.App. 3 Cir. 8/31/05), 915 So.2d 917, Baker v. D.H. Holmes Co., Ltd., 285 So.2d 282 (La. App. 4 Cir.1973).
Here, the trial court refused to recognize Trooper Harris as an expert in accident reconstruction despite his having become certified in accident reconstruction at the time of trial. The trial court clearly recognized that at the time he investigated the subject accident, he was not qualified to formulate an opinion as to causation. Notwithstanding this finding, the trial court proceeded to allow Trooper Harris to testify as to how he believed the accident occurred. ^Because Trooper Harris did not witness the accident, his testimony should have been limited to relating the facts that he gathered during his investigation.
The trial court stated in its reasons for judgment that it relied on Trooper Harris’ opinion as to how the accident occurred, and in finding defendant 100% at fault. This constitutes error.
In addition to his testimony concerning causation, Trooper Harris was allowed to introduce hearsay, specifically, what he was told by a third party at the scene. This third-party hearsay testimony was offered to prove the “facts” according to Trooper Harris. This was inadmissible hearsay because the defendant was not able to cross-examine the third party.
*719 Lastly, although confronted with voluminous medical records and invoices, the trial court ruled from the bench, without reviewing the submitted medical evidence. Merely considering the plaintiffs testimony as to her physical condition is insufficient to make an award of $1.1 million without a considered examination of the evidence.
Accordingly, I would reverse the ruling of the trial court and remand for a new trial.